**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEEVON C. JOHNSON, | ) | CASE NO.: 3:23-cv-00087 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN HAROLD MAY, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Darrell A. Clay. (R. 11). Petitioner Keevon C. Johnson, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (R. 1). Respondent filed a Motion to dismiss the petition as time-barred. (R. 9). Petitioner filed a traverse and motion to add respondent.[1] (R. 10).

The Magistrate Judge's Report and Recommendation (R&R) recommends the Court grant Respondent's motion to dismiss the petition as time-barred and deny Petitioner's motion to add respondents. (R. 11). After receiving an extension of time, Petitioner filed objections to the R&R. (R. 14). Petitioner's objections are overruled and the R&R is adopted as set forth herein.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). By failing to file *specific* objections to a report

---

[1] Because the Court find the petition is time-barred, Petitioner's Motion to Add Respondent(s) & Motion of Traverse (R. 10) is DENIED as moot.

and recommendation, a party forfeits any challenge to the report and recommendation and forfeits the "right to appeal the unobjected-to issues." *Shophar v. Gyllenborg*, 2019 WL 4843745, at *2 (6th Cir. Apr. 19, 2019) (citations omitted). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio, Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object.") (citations omitted); *United States v. Dawson*, 2020 WL 109137, at *1 (N.D. Ohio, Jan. 9, 2020) ("the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs.")

### III. State Procedural History

The R&R set forth the following procedural history of this matter, which Petitioner's objections do not dispute:

> On June 23, 2015, the trial court sentenced Mr. Johnson; it journalized the sentence on June 29, 2015. (*Id*. at PageID 283-85). Mr. Johnson did not pursue direct appeal, the time for which expired 30 days after the entry of sentence, July 29, 2015. *See* Ohio R. App. Proc. 4(A)(1).

> \*\*\*

> On January 13, 2016, Mr. Johnson filed a *pro se* motion in the trial court to withdraw his plea. (ECF #9-1 at PageID 286-313). On September 2, 2016, the trial court denied the motion. (*Id*. at PageID 455-77). On November 22, 2016, Mr. Johnson, through counsel, filed a motion for leave to file a delayed appeal to the Sixth District. (*Id*. at PageID 481-87). The Sixth District granted the motion (*id*. at 535-37) and, on April 27, 2018, affirmed the trial court's judgment (*id*. at PageID 639-55). Mr. Johnson filed a timely notice of appeal to the Supreme Court of Ohio, which declined jurisdiction on November 21, 2018. (*Id*. at PageID 703).

> Meanwhile, on April 10, 2018 (*i.e.*, before the Sixth District had ruled on his first

2

> motion), Mr. Johnson filed in the trial court a second *pro se* motion to withdraw his plea. (*Id*. at PageID 704-18). On July 17, 2018, Mr. Johnson, through counsel, filed a supplement to the motion. (*Id*. at PageID 822-31). On February 13, 2019, the trial court denied the motion and supplement. (*Id*. at PageID 847-55).
>
> On March 15, 2019, Mr. Johnson, through counsel, filed a notice of appeal to the Sixth District. (*Id*. at PageID 856). Mr. Johnson also moved to stay the proceedings and remand the matter to the trial court where he intended to file a third motion to withdraw his plea. (*Id*. at PageID 867). On July 26, 2019, the Sixth District stayed the appeal and remanded the matter for the trial court to rule on Mr. Johnson's third motion to withdraw his plea. (*Id*. at PageID 873-75). But Mr. Johnson never filed that third motion.
>
> On August 14, 2019, the trial court dismissed Mr. Johnson's second motion to withdraw his plea and the supplement because the trial court was divested of jurisdiction to consider the filings. (*Id*. at PageID 880-81). On December 30, 2019, the Sixth District noted Mr. Johnson's failure to file the third motion to withdraw his pleas and thus the trial court "lack[ed] jurisdiction to sua sponte vacate its own final orders [on the second motion]." (*Id*. at PageID 878). Given this, the Sixth District determined the trial court's August 14, 2019 judgment was a nullity and the second motion to withdraw the pleas remained pending. (*Id*.). The Sixth District reinstated the appeal and ordered briefing. (*Id*.). On September 22, 2020, the Sixth District dismissed the appeal after Mr. Johnson failed to file a brief or move for an extension of time to file. (*Id*. at PageID 879). Mr. Johnson did not pursue further appeal.

(R. 11, PageID# 1248-1249). The R&R correctly concluded that even with the benefit of statutory tolling, where appropriate, the statute of limitations expired on April 22, 2019—long before Petitioner's January 17, 2023 petition was filed. (R. 11, PageID# 1260). Therefore, the Court intentionally omits any recitation of the additional, miscellaneous filings from 2020 and onwards that simply had no impact on the statute of limitations.

### IV. Analysis

Petitioner's objections do not challenge the R&R's determination that the petition was untimely in any meaningful manner. (*See generally* R. 14). Plaintiff's objections do not develop any clear and cogent arguments, but, giving Petitioner the benefit of the doubt, he does appear to argue that the statute of limitations should be waived because he is actually innocent. (R. 14,

3

PageID# 1270).

A petitioner bears the burden of demonstrating he is entitled to equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). In *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013), the United States Supreme Court held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Supreme Court also reiterated the requisite standard for a credible claim of actual innocence—whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id*. at 1931-19333 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). However, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. In such cases, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 298.

There are some courts in this Circuit that have found the actual-innocence exception to AEDPA's statute of limitations does not apply where the petitioner pleaded guilty. *See United States v. Peyton*, No. 3:18-CR-06-GFVT-HAI-1, 2023 U.S. Dist. LEXIS 103400, at *4-5 (E.D. Ky. May 16, 2023) (collecting cases). The Court, however, need not decide that issue and the Magistrate Judge's R&R did not rely on such a finding. Rather, the R&R found as follows:

> Here, Mr. Johnson entered an *Alford* guilty plea to one count of felonious assault and plead guilty to the count of discharging a firearm upon or over a public highway and involuntary manslaughter, charges stemming from acting in concert with others, including Osha Carter. (*See* ECF #9-1 at PageID 922). Mr. Carter's acquittal at trial is the new evidence Mr. Johnson cites to support his claim of actual innocence. (ECF #10 at PageID 1234). But Mr. Johnson also admits he fired his weapon that night (*Id*. at PageID 1237), as confirmed by a "security camera video which showed the defendant firing multiple shots in the direction of a crowd of individuals running toward him"; facts the trial court relied on in

4

> denying Mr. Johnson's motion entitled "Leave to File Notice of Actual Innocence" under *Schlup*. (ECF #9-1 at PageID 922). Given his guilty admission and the other evidence, I conclude that Mr. Johnson has not presented a properly supported claim of actual innocence; equitable tolling thus does not apply.

(R. 11, PageID# 1263). This Court agrees that Petitioner has not pointed to any new, reliable evidence of innocence that undermines the inference created by both his plea, his prior admissions, and the referenced security camera footage. The "not-guilty" verdict of a different defendant charged with the same or similar crimes is not particularly helpful.

The Court notes that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *accord Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024). The *Hubbard* court aptly stated to pass through the actual innocence "gateway" to avoid the statute of limitations, "a petitioner may not pass through the equitable gateway by simply undermining the state's case." 98 F.4th at 743. Rather, Petitioner "must demonstrate that he *factually* did not commit the crime." *Id.* In addition, the Sixth Circuit noted that "dismantling the state's case is relevant and helpful to the petitioner because it leaves a vacuum to be filled by an exonerative explanation; but it is not sufficient in and of itself. This distinction between exonerating evidence and impeachment evidence undergirds both of the Supreme Court's landmark equitable-exception cases." *Id.* Thus, a jury's finding with respect to another defendant does not demonstrate Petitioner is factually innocent of the crimes for which he pleaded guilty to committing.

## V. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error, and agrees with the findings set forth therein. Petitioner's objections are overruled. The

5

Magistrate Judge's Report and Recommendation (R. 11) is hereby ADOPTED and Respondent's Motion to Dismiss the petition as time-barred (R. 9) is GRANTED. Petitioner's Motion to Add Respondent(s) & Motion of Traverse (R. 10) is DENIED as moot. The matter is hereby DISMISSED as time-barred.

    IT IS SO ORDERED.

                                            s/ *David A. Ruiz*
                                            David A. Ruiz
                                            United States District Judge

Date: March 3, 2025